IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| STAT IMAGING, LLC,<br>    *Plaintiff*<br>  v.<br>MEDICAL SPECIALISTS, INC., P.C., *et al.*<br>    *Defendants* | Case No. 13-CV-1921<br><br>Judge Leinenweber |

## ANSWER TO COMPLAINT

Defendant Franciscan Alliance, Inc. d/b/a Franciscan Medical Specialists ("Franciscan") answers the Complaint of Plaintiff Stat Imaging, LLC ("Stat Imaging") by and through its undersigned attorney as follows: Franciscan adopts the organization and headings of Stat Imaging's Complaint for convenience only, and, to the extent any specific allegation is not expressly admitted, Franciscan denies the allegation.

## THE PARTIES, JURISDICTION, AND VENUE

1. Stat Imaging is an Illinois limited liability company whose members are radiologists domiciled in Illinois. Stat Imaging maintains offices at various locations in Lake County and DuPage County, Illinois.

**ANSWER:** Franciscan lacks knowledge or information sufficient to form a belief about the truth of this paragraph and therefore denies the same.

2. Medical Specialists is an Indiana professional corporation with a principal place of business in Munster, Indiana.

**ANSWER:** Franciscan admits the allegations contained in this paragraph.

3. Franciscan is an Indiana corporation with a principal place of business in Mishawaka, Indiana.

1

**ANSWER:** Franciscan admits the allegations contained in this paragraph.

4. Franciscan currently operates a health care organization under the assumed name Franciscan Medical Specialists.

**ANSWER:** Franciscan admits that it conducts business under an assumed business name of Franciscan Medical Specialists. Franciscan denies the remaining allegations of this paragraph.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a)(1) in that the claims asserted herein are between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

**ANSWER:** Franciscan lacks knowledge or information sufficient to form a belief about the truth of this paragraph and therefore denies the same.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to this matter occurred within this District.

**ANSWER:** Franciscan denies the allegations of this paragraph.

## FACTUAL BACKGROUND

**The Radiology Services Agreement**

7. Medical Specialists and Radiology Imaging Solutions, Ltd. (Stat Imaging's predecessor in interest) entered into a Radiology Services Agreement (the "Agreement") on April 5, 2006. A copy of the Agreement, with all amendments thereto (except for a duplicative copy of the original agreement that was an exhibit to the first amendment and ancillary joinder and power of attorney agreements executed with individual physicians pursuant to the Agreement's terms), is attached to this Complaint as Exhibit 1.

**ANSWER:** Franciscan lacks knowledge or information sufficient to form a belief about the

2

truth of the allegations of this paragraph and therefore denies the same.

8. On August 14, 2006, Radiology Imaging Solutions, Ltd. Assigned all rights and obligations in the Agreement to Stat Imaging with the consent of Medical Specialists. A copy of the written assignment (the "Assignment") is attached hereto as Exhibit 2. Pursuant to the Assignment, Stat Imaging became the "Professional Group" referenced in the Agreement.

**ANSWER:** Franciscan lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies the same.

9. As recited in the Agreement, Medical Specialists operated certain medical imaging equipment (collectively the "Imaging Equipment") used to perform diagnostic studies ("Scans/Studies") at facilities located at 761 45th Avenue, Suite 114, Munster, Indiana and 919 Main Street, Suite 204, Dyer, Indiana (collectively, the "Facility").

**ANSWER:** Franciscan states that the Agreement appears to be a legal document which speaks for itself and, accordingly, this paragraph calls for a legal conclusion for which no answer is required. To the extent an answer is required, Franciscan lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies the same.

10. Pursuant to Paragraph 2 of the Agreement, Medical Specialists engaged Stat Imaging to provide reading, interpretation, and evaluation of Scans/Studies ("Radiology Services) for the Facility.

**ANSWER:** Franciscan states that the Agreement appears to be a legal document which speaks for itself and, accordingly, this paragraph calls for a legal conclusion for which no answer is required. To the extent an answer is required, Franciscan lacks knowledge or information

sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies the same.

11. Paragraph 10 of the Agreement provides that (with three narrow exceptions, none of which are applicable to this dispute) Stat Imaging would be the exclusive radiology group providing Radiology Services for the Facility.

**ANSWER:** Franciscan states that the Agreement appears to be a legal document which speaks for itself and, accordingly, this paragraph calls for a legal conclusion for which no answer is required. To the extent an answer is required, Franciscan lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies the same.

12. Paragraph 11 of the Agreement provides that Stat Imaging would be paid for the Radiology Services it performed for the Facility in accordance with a defined compensation schedule.

**ANSWER:** Franciscan states that the Agreement appears to be a legal document which speaks for itself and, accordingly, this paragraph calls for a legal conclusion for which no answer is required. To the extent an answer is required, Franciscan lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies the same.

13. Paragraph 14 of the Agreement provides that the initial term of the Agreement would be two years and that, thereafter, the Agreement would automatically renew for successive one year terms unless either party provided written notice of its intent not to renew at least 90 days before expiration of the then-current term.

**ANSWER:** Franciscan states that the Agreement appears to be a legal document which speaks for itself and, accordingly, this paragraph calls for a legal conclusion for which no answer is required. To the extent an answer is required, Franciscan lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies the same.

14. Paragraph 15 of the Agreement did allow either party to terminate the Agreement for material breach, but only after providing thirty days' written notice and an opportunity to cure said breach.

**ANSWER:** Franciscan states that the Agreement appears to be a legal document which speaks for itself and, accordingly, this paragraph calls for a legal conclusion for which no answer is required. To the extent an answer is required, Franciscan lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies the same.

15. From 2006 until December 31, 2012, Stat Imaging provided Radiology Services under the Agreement and the Agreement was automatically renewed pursuant to Paragraph 14 on July 5, 2008 and every year thereafter.

**ANSWER:** Franciscan lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies the same.

16. The Agreement was most recently renewed pursuant to Paragraph 14 on July 5, 2012. Accordingly, absent an uncured material breach, the Agreement could be terminated no earlier than July 4, 2013.

**ANSWER:** Franciscan lacks knowledge or information sufficient to form a belief about the

truth of the allegations of the first sentence of this paragraph and therefore denies the same. As to the second sentence of this paragraph, Franciscan states that the Agreement appears to be a legal document which speaks for itself and, accordingly, this paragraph calls for a legal conclusion for which no answer is required. To the extent an answer is required, Franciscan lacks knowledge or information sufficient to form a belief about the truth of the allegations of this second sentence and therefore denies the same.

17. At no time prior to the filing of this lawsuit was Stat Imaging provided notice of any material breach under the Agreement pursuant to Paragraph 15 of the Agreement.

**ANSWER:** Franciscan lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies the same.


**The Medical Specialists-Franciscan Transaction and the Breach of the Agreement**

18. In October 2012, Franciscan announced that it had acquired Medical Specialists, which would thereafter be known as Franciscan Medical Specialists. The text of a Franciscan press release announcing the transaction is attached hereto as Exhibit 3.

**ANSWER:** Franciscan admits only that it issued a press release in or about October, 2012 which was eventually published in the format contained in Exhibit 3 to the Complaint. Franciscan denies the remaining allegations in this paragraph.

19. Between October 2012 and December 2012, Stat Imaging continued to provide services under the Agreement by reading Scans/Studies generated at the Facility, and was paid by checks drawn upon the account of Franciscan Medical Specialists for its services in accordance with the compensation schedule set forth in the Agreement.

6

**ANSWER:** Franciscan lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies the same.

20. In late 2012, Stat Imaging was advised by Franciscan Medical Specialists that, effective January 1, 2013, it would cease to use Stat Imaging to perform Radiology Services for the Facility and would instead employ another individual to provide those services.

**ANSWER:** Franciscan admits the allegations of this paragraph.

21. Stat Imaging protested this decision, noting (among other things) that the term of the Agreement continued through July 4, 2013.

**ANSWER:** Franciscan lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies the same.

22. On December 31, 2012, Franciscan Medical Specialists in fact terminated Stat Imaging's access to its systems and ceased to use Stat Imaging to perform Radiology Services for the Facility.

**ANSWER:** Franciscan admits that it elected not to use Stat Imaging to perform radiology services at the Facility.

23. Upon information and belief, Imaging Equipment is still used at the Facility to perform Scans/Studies which are furnished to other entities or persons for the performance of Radiology Services in violation of Stat Imaging's exclusive rights under the Agreement.

**ANSWER:** Franciscan denies the allegations of this paragraph.

## COUNT ONE

### (Breach of Contract- Medical Specialists)

24. Stat Imaging repeats and incorporates paragraphs 1-23 of this Complaint as if

fully set forth herein.

**ANSWER:** Franciscan repeats and incorporates its answers to paragraphs 1-23 as if fully set forth herein.

25. The Agreement is a valid and enforceable contract with Medical Specialists that affords Stat Imaging the exclusive right to perform Radiology Services for the Facility through July 4, 2013.

**ANSWER:** As this Count is not directed at Franciscan, no response is required. To the extent an answer is required, Franciscan denies the allegations of this paragraph.

26. As is evidenced by the absence of any notice of material breach prior to suit, Stat Imaging has performed all conditions precedent required of it under the Agreement.

**ANSWER:** As this Count is not directed at Franciscan, no response is required. To the extent an answer is required, Franciscan denies the allegations of this paragraph.

27. The termination of Stat Imaging prior to July 4, 2013 and the employment of other individuals or entities to provide Radiology Services for the Facility constitute breaches of the Agreement.

**ANSWER:** As this Count is not directed at Franciscan, no response is required. To the extent an answer is required, Franciscan denies the allegations of this paragraph.

28. Stat Imaging has been damaged by the Agreement's breach insofar as it is not being paid to perform Radiology Services for the Facility.

**ANSWER:** As this Count is not directed at Franciscan, no response is required. To the extent an answer is required, Franciscan denies the allegations of this paragraph.

29. At no point did Medical Specialists seek or obtain Stat Imaging's agreement to

accept Franciscan's performance of the Agreement for that of Medical Specialists.

**ANSWER:** As this Count is not directed at Franciscan, no response is required. To the extent an answer is required, Franciscan denies the allegations of this paragraph.

30. Medical Specialists accordingly remains liable for any breach of the Agreement, irrespective of any assignment to Franciscan.

**ANSWER:** As this Count is not directed at Franciscan, no response is required. To the extent an answer is required, Franciscan denies the allegations of this paragraph.

## COUNT TWO

### (Breach of Contract-- Franciscan)

31. Stat Imaging repeats and incorporates paragraphs 1-30 of this Complaint as if fully set forth herein.

**ANSWER:** Franciscan repeats and incorporates paragraphs 1-30 of its answers to the Complaint as if fully set forth herein.

32. The Agreement is a valid and enforceable contract with Medical Specialists that affords Stat Imaging the exclusive right to perform Radiology Services for the Facility through July 4, 2013.

**ANSWER:** Franciscan denies the allegations of this paragraph.

33. Upon information and belief, as evidenced by its continued use of Stat Imaging to perform Radiology Services prior to January 1, 2013 and the payments made to Stat Imaging by Franciscan Medical Services, Franciscan either:

  a) Has succeeded to Medical Specialists obligations under the Agreement by corporate merger;

  b) Has accepted an assignment of Medical Specialists' rights and obligations under

        the Agreement; or

        c) Has continued to use the Imaging Equipment at the Facility as the apparent owner thereof and used Stat Imaging's Radiology Services as if the Agreement had been assigned to it.

**ANSWER:** Franciscan denies the allegations contained in this paragraph.

34. As is evidenced by the absence of any notice of material breach prior to suit, Stat Imaging has performed all conditions precedent required of it under the Agreement.

**ANSWER:** Franciscan denies that it is a party to the Agreement and denies the allegations of this paragraph.

35. The termination of Stat Imaging prior to July 4, 2013 and the employment of other individuals or entities to provide Radiology Services for the Facility constitute breaches of the Agreement.

**ANSWER:** Franciscan denies the allegations contained in this paragraph.

36. Stat Imaging has been damaged by the Agreement's breach insofar as it is not being paid to perform Radiology Services for the Facility.

**ANSWER:** Franciscan denies the allegations contained in this paragraph.

WHEREFORE, Defendant Franciscan Alliance, Inc. d/b/a Franciscan Medical Specialists request that judgment be granted in its favor and against Plaintiff and for all other relief as the Court deems appropriate and just.

## OTHER DEFENSES

### First Defense

Franciscan Alliance, Inc. is not in privity of contract with Plaintiff. Franciscan Alliance,

Inc. purchased only certain assets of Medical Specialists—and expressly did not assume or purchase an assignment of Plaintiff's contract. Consequently, Plaintiff lacks standing to assert its claims against Franciscan Alliance.

**Second Defense**

Franciscan Alliance, Inc. reserves the right to assert additional affirmative defenses that become known to it during the course of this action.

May 6, 2013                                      Respectfully submitted,


                                                /s/ Mark W. Bina
                                                Mark W. Bina
                                                KRIEG DEVAULT LLP
                                                30 North LaSalle Street, Suite 2800
                                                Chicago, Illinois 60602
                                                Telephone: (312) 423-9300
                                                mbina@kdlegal.com

                                                *Attorneys for Defendant Franciscan Alliance, Inc.*
                                                *d/b/a Franciscan Medical Specialists*

## **CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that on May 6, 2013, the foregoing Answer to Plaintiffs' Complaint was electronically filed using the CM/ECF system which will send notification of such filing to all parties of record.

                          /s/ Mark Bina

KD_5003253_2.docx